IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Maurice L. Dunbar, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:10-2510-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Ronald O'Neill; James Metts; J.B. Quig; | ) | |
| Davidson & Linderman, PA.; | ) | |
| Correct Care Services; Lexington | ) | |
| County Mental Health, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Maurice L. Dunbar ("Dunbar"), a state prisoner proceeding pro se, brought an action under 42 U.S.C. § 1983 alleging various violations to his civil rights. In her Report and Recommendation, Magistrate Judge Hendricks recommends dismissing the action without prejudice and without issuance and service of process. (Report & Recommendation, generally.)

Dunbar filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Dunbar alleges that the Defendants filed some of his confidential medical records in another case Dunbar v. Trinity Food Serv. and James Metts, C/A No. 8:10-1178-HMH-BHH, in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") and Rule 5.2 of the Federal Rules of Civil Procedure. In his objection, Dunbar realleges his claims and requests an extension of time to respond more fully. However, as stated by the magistrate judge, there is no private right of action for violations of HIPPA or Rule 5.2. Suggs v. N. Strand OB/GYN, No. 07-3911-TLW-TER, 2009 WL 113445, *5 (D.S.C. Jan. 14, 2009); Good v. Khosrowshahi, No. 08-2061, 2008 WL 4596342, at *4 (10th Cir. Oct. 15, 2008) (unpublished) (holding that Rule 5.2 does not provide a cause of action for filing an unredacted document on a publicly accessible docket). Thus, the court denies Dunbar's request for additional time to respond to the Report and Recommendation. Upon review, the court finds that Dunbar's objections to the magistrate judge's Report and Recommendation are non-specific, unrelated to the dispositive portions of the Report, and merely restate his claims. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

Therefore, it is

**ORDERED** that this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

            s/Henry M. Herlong, Jr.
            Senior United States District Judge

Greenville, South Carolina
December 14, 2010

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.